WELLINGTON *versus* FULLER.

When a deed is void as to creditors.

Before making a levy notice to appoint an appraiser must be given to the debtor or *his attorney*, if living within the county where the land lies.

A return by the officer that the debtor was out of the State, and that he had left a notice at his last and usual place of abode within the county, his family still residing there, confers no authority on the officer to choose an appraiser for him.

Of allowing an officer to amend his return.

Of the construction of a deed.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ENTRY.

After the evidence was introduced the cause was taken from the jury, and brought up on *report*, it being agreed that the Court might draw such inferences as a jury might; and if in their opinion the action is maintainable, the tenant is to be defaulted; otherwise the demandant to become *nonsuit.*

The facts are stated in the opinion.

*Bradbury & Morrill,* for tenant.

*Libby,* for demandant.

APPLETON, J. — On August 31, 1848, Charles O'Conner conveyed to Daniel Gifford the demanded premises, by deed duly acknowledged and recorded. It appears from the evidence that Gifford took this deed for the purpose of obtaining security, for what was due him; but that nothing was paid therefor and no security surrendered, or discharged; that O'Conner left without completing his intended arrangements; that the creditors of O'Conner commenced suits and attached his real estate; that they were informed by Gifford that he had no claim upon it; that he acted as appraiser for one of those creditors when extending a levy; and that he commenced a suit upon his claims, obtained judgment and caused a levy to be made upon the real estate embraced in his deed. Under such circumstances the deed to Gifford must be regarded as a voluntary conveyance and void as to creditors.

The demandants claim under a levy in favor of Stephen Pierce against O'Conner. In his return the officer says, " and the within named Charles O'Conner being out of this State, I therefore left at his last and usual place of abode in Albion in said county, his family still residing there, notice in writing of my intention to make this levy more than twelve hours previous to proceeding so to do, and no one appearing legally authorized to choose an appraiser for said O'Conner I therefore appointed William S. Baker as an appraiser for him." By R. S., c. 94, § 4, if O'Conner had an attorney living in the county where the land lay, it was the duty of the officer to have given him notice before proceeding to make his levy.   Such must be the construction of this section.   The insertion of the words, " or his attorney," which are not found in the Act of 1821, on this subject, must have been for some purpose and with some design.   Unless it was the intention of the Legislature, in case of absence of the debtor, that notice should be given the attorney if there was one, these words are utterly without a meaning.   In *Roop* v. *Johnson,* 23 Maine, 336, WHITMAN, C. J., in commenting on this section, says, " there can, nevertheless, be no doubt but that it was in contemplation of the Legislature if the debtor did not live in the county and the attorney did, that he should be notified."

It should appear in a levy that the officer has complied with all the provisions of the law.   It does not appear but that O'Conner might have had an attorney, who, had he received due notice, would have chosen an appraiser.   The levy is, for this cause, defective, but as the rights of the creditors are to be preferred to those of Gifford and of all claiming under him with notice of this defective title, the officer may have leave to amend his return in accordance with the facts.

The levy of Pierce, under which the demandant derives his title, was first in order of time.   In the subsequent levy of Gifford, the premises levied upon are described as " all that part of the O'Conner homestead not levied upon by

Stephen Pierce. The deed from O'Conner to Gifford, before referred to, embraces both these tracts. The deed from Pierce to the demandant was dated February 2, 1850, and recorded March 10, 1854. The deed from Gifford to the tenant bears date April 25, 1850, so that at this time the title of the Pierce levy was in the demandant though it had not been recorded. The description in the deed to the tenant, bounds him by the land of the demandant. If so, it was not intended to include it. As Gifford recognized the title of Pierce in his levy, and that his deed of the premises upon which he was extending his execution was void, there is no reason to believe he intended to convey any land not embraced in his levy, and to which by his own admissions he had no title. The tenant has shown no title to the demanded premises. *Defendant defaulted.*

SHEPLEY, C. J. and TENNEY, RICE and CUTTING, J. J., concurred.